IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2002

## STATE OF TENNESSEE v. TIMOTHY A. JOHNSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1487     Seth Norman, Judge**

---

**No. M2001-01362-CCA-R3-CD - Filed February 11, 2002**

---

Pursuant to a plea agreement, the Defendant pleaded guilty to one count of possessing with intent to sell less than 0.5 grams of a substance containing cocaine, and the trial court sentenced him as a Range I standard offender to five years incarceration in the workhouse. The trial court suspended the sentence and placed the Defendant on probation for five years. Approximately four months later, a warrant was issued against the Defendant alleging that he had violated the terms and conditions of his probation. The warrant alleged that the Defendant had been arrested for evading arrest and aggravated assault, that the Defendant had failed to report these arrests to his probation officer, and that the Defendant had failed to report to his probation officer after being released from jail. Following a hearing on the warrant, the trial court revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement. The Defendant now brings this appeal, in which he challenges the trial court's order requiring him to serve the remainder of his sentence in confinement. Because we conclude that the trial court did not abuse its discretion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

C. Dawn Deaner, Assistant Public Defender (on appeal), Nashville, Tennessee; and Jerrilyn Manning, Assistant Public Defender (at trial), Nashville, Tennessee, for the Appellant, Timothy A. Johnson.

Paul G. Summers, Attorney General and Reporter; Gill Robert Geldreich, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Jason Lawless, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Defendant was indicted by the Davidson County Grand Jury for possessing with intent to sell 0.5 grams or more of a substance containing cocaine, a Schedule II controlled substance.

Pursuant to a plea agreement, the Defendant pleaded guilty to possessing with intent to sell less than 0.5 grams of a substance containing cocaine, and the trial court imposed an incarcerative sentence of five years. The sentence was immediately suspended, and the Defendant was placed on probation for five years. At the time of the guilty plea, the Defendant was serving a sentence of incarceration in Davidson County, which he completed before being released on probation in this case. The sentence in this case was to be served consecutive to the Defendant's prior sentence.

The Defendant entered a plea of guilty on November 16, 2000. On March 23, 2001, a warrant was issued against the Defendant alleging that he had been arrested on March 22, 2001 for evading arrest and aggravated assault; that he failed to report these arrests to his probation officer; and that he failed to report to his probation officer after being released from jail. The trial court conducted a hearing on the probation violation warrant on May 2, 2001. At the hearing, the Defendant admitted that the allegations in the probation violation warrant were true, but requested that the trial court " . . . not put my sentence in effect . . . ." At the conclusion of the hearing, the trial court noted that the Defendant had violated probation on at least two prior occasions and that the Defendant "did not do what he was supposed to do." The trial court then revoked the Defendant's probation and ordered him to serve the balance of the sentence incarcerated.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. § 40-35-311(d). The decision to revoke probation lies within the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). A trial court's decision to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). To find an abuse of discretion in a probation revocation case, an appellate court must conclude that the record is void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

Although the Defendant does not contest the sufficiency of the evidence supporting revocation of his probation, he contends that the trial court should not have ordered him to serve his sentence. The Defendant attempted to explain at the probation revocation hearing that his arrests for aggravated assault and evading arrest were caused by his vindictive former girlfriend. The Defendant conceded that he had not done very well on probation in the past and that while on probation on a prior drug case, he had violated his probation by incurring another drug-related criminal charge. Although the Defendant testified that he was willing to abide by the terms and conditions of a probated sentence and that he had learned to avoid contact with his former girlfriend, the trial court had the opportunity to evaluate the Defendant's credibility at the hearing and apparently discredited his testimony.

The Defendant has failed to establish that the trial court abused its discretion by revoking his probation and by ordering him to serve the remainder of his sentence in confinement. Upon finding

a violation of probation, the trial court is authorized by statute to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(e). The trial judge retains the discretionary authority to order the Defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995), *superceded by statute as stated in* Cox v. State, 53 S.W.3d 287 (Tenn. Crim. App. 2001). Based upon our review of the record, we conclude that the trial court's determination was within its discretion.

Finally, we point out that our determination that the trial court was within its discretion in revoking the Defendant's probation and ordering the Defendant to serve his sentence in the workhouse "answers negatively the Defendant's plea for further leniency." State v. Angela Bright, No. C-12679, 2002 WL 5495, at *2 (Tenn. Crim. App., Knoxville, Jan. 2, 2002). A defendant who is already on probation is not entitled to a second grant of probation or another form of alternative punishment. See, e.g., State v. James Moffitt, No. 01C01-9010-CC-00252, 1991 WL 44992, at *1 (Tenn. Crim. App., Nashville, Apr. 4, 1991).

The trial court's order revoking the Defendant's probation and ordering that the Defendant serve his  incarcerative sentence is AFFIRMED.

 

_____
ROBERT W. WEDEMEYER, JUDGE

-3-